ISAAC A. HOPPER v. THE INHABITANTS OF THE TOWNSHIP OF UNION, IN THE COUNTY OF BERGEN.

An action at law will not lie against a municipal corporation on a certificate of indebtedness made by commissioners appointed to make local improvements under a statute authorizing the improvements and empowering the commissioners to issue certificates of indebtedness for damages awarded, &c., which provides for the payment of such certificates by assessments upon lands specially benefited by the improvements to the extent of special benefits, and that the balance remaining after such assessments should be borne by the municipality at large. The remedy is not by an action, but by *mandamus.*

On demurrer to the declaration.

This suit was brought upon the following certificate of indebtedness :

" THE COMMISSIONERS OF RIDGE ROAD,

" *In Union Township, Bergen County, N. J.,*

" Do hereby certify that they are indebted unto P. S. Page, or bearer, in the sum of One hundred dollars, with interest thereon at the rate of seven per cent. per annum, payable by their treasurer at their office in Union Township on the first day of March, 1875, and redeemable at the option of the commissioners.

" This certificate is one of a number of certificates amounting in the aggregate to a sum not to exceed Twenty Thousand

dollars, duly issued by said commissioners, and secured by assessment upon all the lands fronting upon the line of said Ridge road, under and by virtue of the provisions of an act of the legislature of the State of New Jersey, passed March 6th, 1872, and entitled 'An act to widen, grade and improve Ridge road, in the Township of Union, in the County of Bergen.'"

To this certificate was affixed the signatures and seals of the chairman, secretary and treasurer of the commissioners.

To the declaration the defendants demurred.

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Stephen B. Ransom* and *Addison Ely.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

DEPUE, J.    This suit is upon contract, and the declaration is in form a count in debt, setting out the act of the legislature authorizing the issuing of such certificate and its non-payment, and concluding, " By means whereof and by force of the said statute, an action hath accrued to the plaintiff to demand, &c., of the said The Inhabitants of the Township of Union, the said sum of one hundred dollars," &c.

By an act passed March 6th, 1872, entitled "An act to widen, grade and improve Ridge road, in the township of Union, in the county of Bergen," certain persons were appointed commissioners to make the improvement. These commissioners were empowered to issue certificates of indebtedness for damages awarded and work done and services rendered, which certificates were made receivable in payment of assessments on lands fronting on the said road, to be collected by the township collector and paid over to the treasurer of the commissioners. *Pamph. L., p.* 365. The commissioners

having completed the improvement, made assessments for the purpose of liquidating the improvement certificates issued. These assessments were set aside by the Supreme Court on .certiorari.   State, Kingsland, Pros., v. Township of Union, 8 Vroom 268.   Thereupon the legislature, March 15th, 1875, passed an act entitled "An act to provide for the assessment and payment of the costs and expense incurred in the improvement of Ridge road and of Rutherford avenue, in the township of Union, in the county of Bergen."   Pamph. L., p. 270.   This act, as will be observed by its title and the recitals in it, applied as well to the improvement of Rutherford avenue, authorized by the supplement of April 3d, 1873 (Pamph. L., p. 565), as to the Ridge road improvement.

The act of 1875 authorized the township committee to apply to the Court of Common Pleas for the appointment of commissioners to make assessments of the cost and expenses of the improvement of Ridge road, including the amount of the certificates of indebtedness issued by the former commissioners, and the charges and expenses incurred by the former commissioners, and also the cost and expenses incurred in carrying out the provisions of the act of 1875, upon lands in the township specially benefited by the improvement, to the extent of special benefits.   This act contains the further provision that if, in the judgment of the new commissioners, the lands specially benefited have not been so benefited to the full extent of the cost and expenses of the improvement, the surplus thereof remaining after assessing the lands specially benefited to the extent of such benefit should be borne by the township at large.

The act provides specially for the manner in which the assessments shall be collected, and also the method of realizing the excess of costs and expenses above the sum assessed for special benefits, not for the payment of any particular certificates of indebtedness, but to provide a fund out of which the entire costs and expenses of the improvement shall be liquidated.   The commissioners are required to file a map and report of their assessments, and to give notice in writing to

the township committee of the amount of the deficiency to be borne by the township; and thereupon the township committee is required to cause a copy of the said assessment map to be delivered to the collector of taxes, who shall collect the assessments out of the lands on which the assessments were laid, in like manner as in the collection of township taxes. The township committee is also required to take the necessary measures to have the amount of the deficiency certified by the commissioners levied in the following annual assessment of taxes, in the same manner as taxes for township purposes are levied and raised.

The declaration avers that the commissioners made and filed a map and report of their assessments, and gave notice to the township committee of the amount to be levied by taxation to pay the surplus of the costs and expenses of the improvement. But the original act under which these certificates were issued did not make such certificates obligations of the township, within the principle of *Morrison* v. *The Township of Bernards*, 7 *Vroom* 220. The scheme of improvement projected by the act was a legislative scheme, independent of the township authorities, prosecuted in the interest of, and at the expense of, the owners of lands fronting on the improvement. Nor did the supplement of 1875 make the outstanding certificates of indebtedness debts or obligations of the township on which an action at law will lie. A suit at law on these certificates, followed by a judgment and execution, and the collection of the entire indebtedness by a general tax, would be a violation of the intent of the statute. The act of 1875 provided a fund for that purpose, consisting in part of the collection of assessments on land benefited and in part of money raised by general taxation. This act imposed a duty in the premises upon township officers to take proceedings in a special manner, to provide the fund for the payment of all the costs and expenses of the improvement. The remedy of persons interested in this fund is not by action, but by *mandamus.* It was so held in *Reock* v. *The City of New-*

*ark*, 4 *Vroom* 129, a case similarly circumstanced with this case.

There should be judgment for the defendant on the demurrer.